UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| VICKY ROBINETTE,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-cv-00143-TRM-DCP |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court. Now before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 ("Motion for Attorney's Fees") [Doc. 25] and Defendant's Response [Doc. 25]. For the reasons explained below, the Court **RECOMMENDS** that the District Judge **GRANT** Plaintiff's motion [**Doc. 25**].

## I. BACKGROUND

Plaintiff commenced this action on September 15, 2025, by filing a Complaint requesting review of the Administrative Law Judge's decision denying her application for Social Security Disability Insurance benefits [Doc. 1]. Later, on May 29, 2026, the parties filed a joint motion to remand the case pursuant to sentence four of 42 U.S.C. § 405(g) [Doc. 22]. United States District Judge Travis R. McDonough granted that motion on June 10, 2026, and entered a remand order on the same day [Docs. 23 & 24].

On September 8, 2026, Plaintiff filed the Motion for Attorney's Fees, seeking fees in the amount of $5,191.20 [Doc. 25 p. 1]. She detailed the hourly rates for Attorney Julie Atkins of $239 in 2025 and $245 in 2026, and $125 for Attorney Atkins's paralegal [Doc. 25-1 ¶ 8.]. Attorney

Atkins billed 18.4 hours, and the paralegal billed 5.6 hours [*Id.*]. Plaintiff attached the billing entries to her motion [Docs. 25-2 to 25-4]. She also included her Affirmation and Waiver of Direct Payment of EAJA Fees [Doc. 25-5].

On September 15, 2026, the Social Security Administration ("Defendant") filed a response to Plaintiff's Motion for Attorney's Fees [Doc. 29]. Defendant states "no objection to the award of EAJA fees and expenses in the total amount of $5,191.20 [*Id.* at 1]. "Defendant . . . requests that the court enter an order specifically awarding attorney fees of $5,191.20 to be paid by the Social Security Administration" [*Id.*] (citation modified). Defendant further agrees that any "EAJA fee is payable to Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States" [*Id.*]. Should it be "determine[d] that that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel" [*Id.*].

## II. ANALYSIS

The Court must find four conditions are met before awarding fees under the EAJA:

> 1. Plaintiff must be a prevailing party;
> 2. The Commissioner's position must be without substantial justification;
> 3. No special circumstances warranting denial of fees may exist; and
> 4. The application for attorney fees must be filed within 30 days of the final judgment in the action.

28 U.S.C. § 2412(d)(1); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

Here, all four conditions are met. First, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders her a "prevailing party." *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (obtaining a sentence-four judgment reversing denial of benefits meets the "prevailing party" requirement). The second condition is that the Commissioner's position was without

substantial justification. To satisfy the "substantial justification" requirement, the Commissioner's position must be justified "both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). Considering Defendant's response, it appears to concede that the Commissioner's position was not substantially justified. And indeed, the parties filed a joint motion to remand [Doc. 22]. The second condition is therefore met. *See Davis v. Comm'r of Soc. Sec.*, No. 1:23-CV-235, 2024 WL 3534848, at *1 (E.D. Tenn. July 2, 2024) (finding the Commissioner's position was without substantial justification when he did not oppose the request for attorney's fees and the matter was remanded on a joint motion), *report and recommendation adopted sub nom. Davis v. O'Malley*, No. 1:23-CV-235, 2024 WL 3532215 (E.D. Tenn. July 24, 2024).

With respect to the third element, special circumstances warranting a denial, the Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney's fees unjust. The Court finds that the third condition for granting attorney's fees under the EAJA is met.

The final element is timeliness. Plaintiff's counsel submitted an affidavit as well as itemized ledgers detailing the work performed in this case, totaling 2.8 attorney hours in 2025 at an hourly rate of $239, 15.6 attorney hours in 2026 at an hourly rate of $245, and 5.6 paralegal hours at an hourly rate of $125.00 [Doc. 25-1 ¶ 8]. And Defendant does not object to this amount [Doc. 29]. The Court observes both that the motion includes a proper application for fees, *see* 28 U.S.C. § 2142(d)(1)(B) (requiring "an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed"), and that it was filed within the proper timeframe, *see id.* (requiring the prevailing party to file the application "within thirty days of final judgment"). *See also Shalala*, 509 U.S. at 302 (holding the 30-day timeframe begins to run sixty

days after the Court enters a judgment if the case is not appealed (citing Fed. R. App. P. 4(a))). The Court therefore finds that the fourth condition for granting attorney's fees has been met.

Having met the four conditions, the Court must now turn to whether the attorney's fees are reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). Under the EAJA, reasonable attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, . . . and (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "In requesting an increase in the hourly-fee rate, [p]laintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). In order to prove an award in excess of $125.00 per hour, plaintiffs must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

"This district historically relies on the formula set forth in *Cook v. Barnhart*, which relies on the annual average Consumer Price Index ("CPI") divided by 100.3." *Ownby v. Colvin*, No. 3:13-CV-722-TAV-CCS, 2015 WL 17578750, at *5 (E.D. Tenn. Apr. 17, 2015) (citing *Cook v. Barnhart*, 246 F. Supp. 2d 908, 910 (E.D. Tenn. 2003)). "Pursuant to *Cook*, the hourly rate is $125.00 per hour multiplied by 'the prior year's annual average' CPI." *Id.* The calculated hourly rate may be rounded up or down as appropriate. *Id.* Using the *Cook* formula and the annual average

CPI's for the previous year,[1] the Court calculates an appropriate hourly rate of $240 for 2025 and $246 for 2026. Here, Plaintiff seeks an hourly rate of $239 for 2025 and $245 for 2026 [Doc. 25-1 ¶ 8], and accordingly, the Court finds the stipulated fee is reasonable.

## III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS**[2] that the District Judge **GRANT** Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [**Doc. 25**].

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

1 *See* U.S. Bureau Lab. Stat., CPI for All Urban Consumers (CPI-U) South – Size Class B/C (accessed on October 16, 2026) https://data.bls.gov/timeseries/CUURN300SA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true.

2 Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide de novo review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).